UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

VICTOR PORFIRIO BALOA DIAZ, and PORFI MUSIC, LLC,

Plaintiffs,

v.

EDI KORTA, LLC, a Florida limited liability company, KORTA RECORD'S CO., a Florida corporation, PLAYBACK PRODUCTIONS, INC., a Florida corporation, LUIS F. MENDOZA, an individual, LEONOR MENDOZA, an individual, and CARLOS A. MENDOZA, SR.,

Defendants.
_______________________________________________/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiffs, Victor Porfirio Baloa Diaz, and Porfi Music, LLC, by and through their undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby sue Defendants, Edi Korta, LLC, Korta Record's Co., Playback Productions, Inc., Luis F. Mendoza, Leonor Mendoza and Carlos A. Mendoza, and as grounds therefore state as follows:

**Nature of the Case**

1. This action arises under the Copyright Act, 17 U.S.C. §§501, *et. seq*., and contains substantial claims that arise under federal law. Plaintiff, author of his own musical compositions and sound recordings asserts his copyright rights against Defendants who copied his sound recordings without authorization.

## The Parties

2. Plaintiff, Victor Porfirio Baloa Diaz ("Porfi Baloa"), is an individual residing in Florida.

3. Plaintiff, Porfi Music, LLC ("Porfi Music"), is a Delaware limited liability company, having its principal office in Saint Cloud, Florida.

4. Porfi Baloa has licensed Porfi Music with the intellectual property rights in the copyrights at issue in this lawsuit.

5. Defendant, EDI Korta, LLC ("EDI"), is a Florida limited liability company having its principal office at 2425 SW 22nd Terrace, Miami, Florida.

6. Defendant, Korta Record's Co. ("Korta Records"), is a Florida corporation having its principal office at the same address, 2425 SW 22nd Terrace, Miami, Florida.

7. Defendant, Playback Productions, Inc., is a Florida corporation, having it principal office at 4242 NW 2nd Street, Apt. 1112, Miami, Florida.

8. Defendant, Luis F. Mendoza is an individual residing in Miami-Dade County, Florida.

9. Defendant, Leonor Mendoza, is an individual residing in Miami-Dade County, Florida.

10. Defendant, Carlos A. Mendoza, is an individual residing in Miami-Dade County.

## Jurisdiction and Venue

11. This Court has personal jurisdiction over the Defendants, because they reside and conduct business in the Southern District of Florida, and because they are liable for copyright infringement, an intentional tort, which has been committed within this District.

12. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because the

claims asserted by Plaintiffs arise under the Copyright Act, 17 U.S.C. §§101, *et. seq*.

13. Venue is proper in this district under 28 U.S.C. §1391, because at least one of the Defendants resides in this district and a substantial part of the events or omissions giving rise to the claims of the Plaintiffs occurred in this district.

14. Venue is also proper under 28 U.S.C. §1400(a), because at least one of the Defendants resides in this district or may be found in this district.

## General Allegations

15. Porfi Baloa is a Venezuelan musician, composer, producer and arranger who is well-known for his performances in the salsa genre.

16. Porfi Baloa is the recipient of 87 awards, 4 Billboard Awards nominations, and 3 Lo Nuestro Awards nominations, and holds a record of 60 first places in the Venezuelan Hit parade.

17. Porfi Baloa is the owner of the following Venezuelan copyright registrations, which cover the copyright rights in the musical composition, the lyrics and the sound recording:

| Album | Registration No. | Registration Date |
|---|---|---|
| Reclamando Nuestro Espacio | 15163 | June 21, 2021 |
| Persona Ideal | 15166 | June 21, 2021 |
| La Misma Pluma | 15162 | June 21, 2021 |
| Ahora Mas Que Nunca | 15165 | June 23, 2021 |
| Búscame | 15167 | June 21, 2021 |
| Sellos De Mi ADN | 15164 | June 21, 2021 |

Collectively, the Plaintiff Porfi Baloa's Copyrighted Sound Recordings.

18. On or about August 23, 2022, Defendants created a video for the entire album titled La Misma Pluma, copying and incorporating the sound recording of the album into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://youtu.be/xVrEihkaazE:




19. On or about December 22, 2021, Defendants created a music video for the song Anhelo, from the album titled Reclamando Nuestro Espacio, copying and incorporating the sound recording of the song into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://www.youtube.com/watch?v=D_0FKJqxldE:




20. On or about July 1, 2022, Defendants created another music video for the song Anhelo, from the album titled Reclamando Nuestro Espacio, copying and incorporating the sound recording of the song into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://www.youtube.com/watch?v=IEP1UrZXMCE&list=PLbju_Lzoi3zKKdCtXIOt09nTO3NzQVBeC :




21. On or about October 18, 2021 Defendants created a music video for the song Bailando from the album titled Sellos De Mi ADN, copying and incorporating the original sound recording of the album into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://www.youtube.com/watch?v=sLPZ07RzuJo:




22. On or about December 2, 2021 Defendants created a music video for the song Virgen from the album titled Ahora Mas Que Nunca, copying and incorporating the original sound recording of the album into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://www.youtube.com/watch?v=yExcCoicc4E&list=PLaXKwCd_vNEdKrswVM0EybnOyBAK8BC3v:




23. On or about June 10, 2021 Defendants created a music video for the song Persona Ideal, copying and incorporating the original sound recording into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://www.youtube.com/watch?v=gTVAvTefK14 :




24. On or about February 8, 2022 Defendants created a music video for the song Buscame, copying and incorporating the original sound recording into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://www.youtube.com/watch?v=HZZTzF201j8 :




*Available at* https://youtu.be/HZZTzF201j8?si=1uI1qLussPBrpQ6R.

25. On or about March 18, 2022 Defendants created a music video for the song Hoy Aprendi, copying and incorporating the original sound recording into the music video, and uploaded it to Youtube.com, all without authorization from Porfi Baloa, which can be found at https://www.youtube.com/watch?v=nM6DEuG7V_0:




*Available at* https://youtu.be/nM6DEuG7V_0?si=gmvKZQ9IL930r6HN.

26. There are additional music videos tied to Defendants that incorporate Porfi Baloa's copyrighted sound recordings posted by Defendants for which Defendants never sought permission from the copyright owner, Plaintiff Porfi Baloa.

27. The Adolescent's Orquesta YouTube.com channel does not identify the owner of the channel, but includes hashtags to #KortaRecords.

28. The Adolescent's Orquesta YouTube.com channel also includes links to the Instagram account "Adolescentes Orquesta," found at https://www.instagram.com/losadolescentes/ that includes the email address produccion@kortarecords.com and the phone number (786) 425-1798.

29. The owner of the kortarecords.com domain is hidden through Domains by Proxy, LLC, and thus, the owner of the domain found on the infringing YouTube.com channel cannot be identified:



Whois Identity for everyone | Domains | Hosting | Servers | Email | Security

| | |
|---|---|
| Domain: | kortarecords.com |
| Registrar: | GoDaddy.com, LLC |
| Registered On: | 2020-07-10 |
| Expires On: | 2025-07-10 |
| Updated On: | 2023-07-11 |
| Status: | clientDeleteProhibited<br>clientRenewProhibited<br>clientTransferProhibited<br>clientUpdateProhibited |
| Name Servers: | ns69.domaincontrol.com<br>ns70.domaincontrol.com |

Registrant Contact

| | |
|---|---|
| Name: | Registration Private |
| Organization: | Domains By Proxy, LLC |
| Street: | DomainsByProxy.com<br>2155 E Warner Rd |

30. The Instagram account for LosAdolescentes, which is also tied to the infringing YouTube channel, includes hashtags to #kortarecords, as well as #playbackproductions.

31. Defendant Playback Productions, Inc. owns a Florida fictitious name registration for KORTA RECORDS, and accordingly, Playback Productions, Inc. does business in Florida under the name Korta Records.

32. Playback Productions is also tagged on numerous postings on Instagram related to the band associated with the infringing sound recordings, Adolescent's Orquesta:




33. Defendant Edi Korta, LLC, includes two managers, Luis F. Mendoza, and Leonor Mendoza.

34. Defendant Korta Record's Co., identifies Luis F. Mendoza, as its President and Secretary.

35. Defendant Playback Productions, Inc, identifies Carlos A. Mendoza as its President.

36. Defendant Luis F. Mendoza is the active, moving force behind Defendant Edi Korta, LLC and Defendant Korta Record's Co., and is responsible for using Plaintiff Porfi Baloa's Copyrighted Sound Recordings without permission to create the music videos that have been uploaded to YouTube.

37. Defendant Leonor Mendoza is the active, moving force behind Defendant Edi Korta, LLC and is responsible for using Plaintiff Porfi Baloa's copyrighted sound recordings without permission to create the music videos that have been uploaded to YouTube.

38. Defendant Carlos A. Mendoza is the active, moving force behind Defendant Playback Productions, Inc., and is responsible for using Plaintiff Porfi Baloa's copyrighted sound recordings without permission to create the music videos that have been uploaded to YouTube.

39. Defendants have also created an account with Spotify AB, the online provider of music, video and other streaming audiovisual works.

40. Defendants have uploaded and used Plaintiff Porfi Baloa's Copyrighted Sound Recordings through their Spotify account without permission.

41. Defendants have also created an account with Apple, Inc.'s Apple Music, the online provider of music, video and other streaming audiovisual works.

42. Defendants have uploaded and used Plaintiff Porfi Baloa's Copyrighted Sound Recordings through their Apple account without permission.

43. Defendants have also created an account with Amazon.com, Inc.'s Amazon Music, the online provider of music, video and other streaming audiovisual works.

44. Defendants have uploaded and used Plaintiff Porfi Baloa's Copyrighted Sound Recordings through their Amazon Music account without permission.

45. Defendants have also created an account with Pandora Media, LLC's Pandora, the online provider of music, video and other streaming audiovisual works.

46. Defendants have uploaded and used Plaintiff Porfi Baloa's Copyrighted Sound Recordings through their Pandora account without permission.

47. Defendants have also created an account with Deezer S.A.'s Deezer.com, the online provider of music, video and other streaming audiovisual works.

48. Defendants have uploaded and used Plaintiff Porfi Baloa's Copyrighted Sound Recordings through their Deezer.com account without permission.

49. Defendants have also created an account with iHeartMedia, Inc.'s iHeart.com, the online provider of music, video and other streaming audiovisual works.

50. Defendants have uploaded and used Plaintiff Porfi Baloa's Copyrighted Sound Recordings through their iHeart.com account without permission.

51. All conditions precedent have been met.

## COUNT I
## COPYRIGHT INFRINGEMENT
(Plaintiffs against the Defendants)

52. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51 of this Complaint.

53. Defendants, individually, or with each other, or a combination thereof, have created music videos that incorporate and include copies of sound recordings of the copyrighted works owned and licensed by the Plaintiff, including, those identified in the YouTube.com videos, all without permission or authority from Plaintiffs Porfi Baloa or Porfi Music, LLC.

54. By the acts set forth above, the Defendants have infringed the Plaintiff Porfi Baloa's copyrights in the sound recordings, including by reproducing, distributing, adapting, and

digitally publicly performing the recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

55. Defendants, individually, or with each other, or a combination thereof, have created accounts with online and streaming music video and music providers that incorporate and include copies of sound recordings of the copyrighted works owned and licensed by the Plaintiff, .including, Porfi Baloa's Copyrighted Sound Recordings, all without permission or authority from Plaintiffs Porfi Baloa or Porfi Music, LLC.

56. Each such infringement by the Defendants of the Plaintiff Porfi Baloa's copyrights in the sound recordings constitutes a separate and distinct act of infringement.

57. The Defendants' acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiff Porfi Baloa's copyrights in the sound recordings.

58. As a direct and proximate result of the infringements by the Defendants, the Plaintiffs are entitled to damages and to the Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

59. As a result of the Defendants' conduct, the Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, the Defendants will continue to infringe the Plaintiff Porfi Baloa's rights in the sound recordings. The Plaintiff Porfi Baloa is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin the Defendants' continuing infringing conduct.

**COUNT II**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**
(By the Plaintiffs against the Defendants)

60. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51 of this Complaint.

61. Third parties have watched and listened to the infringing YouTube videos on their own computers and personal devices, as evidenced by the millions of views documented on the YouTube videos. In doing so, the third parties have infringed the Plaintiff Porfi Baloa's copyrighted works, including the Plaintiff Porfi Baloa's Copyrighted Sound Recordings, by downloading copies of the copyrighted sound recordings onto their computers and personal devices in order to listen to the music.

62. Similarly, third parties have watched or listened to the infringing copies of Plaintiff Porfi Baloa's Copyrighted Sound Recordings on their own computers and personal devices, as evidenced by the millions of views documented on the platforms such as Spotify, Apple Music, Pandora, Deezer, Amazon Music. In doing so, the third parties have infringed the Plaintiff Porfi Baloa's copyrighted works, including the Plaintiff Porfi Baloa's Copyrighted Sound Recordings, by downloading copies of the copyrighted sound recordings onto their computers and personal devices in order to listen to the music.

63. Defendants have also provided to YouTube, Spotify, Apple Music, Pandora, Deezer, Amazon Music, and similar online and streaming providers copies of Plaintiff Porfi Baloa's Copyrighted Sound Recordings in order to induce such online and streaming providers to give access to third parties to watch or listen to the infringing copies of Plaintiff Porfi Baloa's Copyrighted Sound Recordings.

64. Accordingly, these third parties are violating Plaintiff Porfi Baloa's copyrights in the sound recordings by reproducing, adapting, distributing, and publicly performing the recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

65. Defendants knew or should have known that third parties would download and listen to Plaintiff Porfi Baloa's copyrighted sound recordings. Defendants intentionally induced or materially contributed to the third party listening and downloading of the music videos onto the third parties' devices. Defendants have provided direction to the third parties, or allowed the third parties to access the music videos and music incorporating Plaintiff's copyrighted sound recordings. Defendants also possessed the right and ability to supervise the activity as well as a direct financial interest in the music videos. As a result, Defendants are liable for contributory copyright infringement for the music videos incorporating the Plaintiff Porfi Baloa's copyrighted sound recordings.

66. Each download of the music video to listen to the music onto the third party's device constitutes a separate and distinct act of infringement.

67. The acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiff Porfi Baloa.

68. As a direct and proximate result of the infringing listening and downloading of the music videos and music incorporating Plaintiff Porfi Baloa's copyrighted sound recording, the Plaintiffs are entitled to damages and to the Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

69. As a result of the infringing listening and downloads, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless

enjoined and restrained by this Court, the Plaintiffs' rights in the copyrighted sound recordings will continue to be infringed. Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin the continuing infringing conduct.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT
(By the Plaintiffs against the Defendants)

70. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 51 of this Complaint.

71. Third parties have watched and listened to the infringing YouTube videos on their own computers and personal devices, as evidenced by the millions of views documented on the YouTube videos. In doing so, the third parties have infringed the Plaintiff Porfi Baloa's copyrighted works, including the Plaintiff Porfi Baloa's Copyrighted Sound Recordings, by downloading copies of the copyrighted sound recordings onto their computers and personal devices in order to listen to the music.

72. Similarly, third parties have watched or listened to the infringing copies of Plaintiff Porfi Baloa's Copyrighted Sound Recordings on their own computers and personal devices, as evidenced by the millions of views documented on the platforms such as Spotify, Apple Music, Pandora, Deezer, Amazon Music. In doing so, the third parties have infringed the Plaintiff Porfi Baloa's copyrighted works, including the Plaintiff Porfi Baloa's Copyrighted Sound Recordings, by downloading copies of the copyrighted sound recordings onto their computers and personal devices in order to listen to the music.

73. Defendants have also provided to YouTube, Spotify, Apple Music, Pandora, Deezer, Amazon Music, and similar online and streaming providers copies of Plaintiff Porfi Baloa's Copyrighted Sound Recordings in order to induce such online and streaming providers

to give access to third parties to watch or listen to the infringing copies of Plaintiff Porfi Baloa's Copyrighted Sound Recordings.

74. Accordingly, these third parties are violating Plaintiff Porfi Baloa's copyrights in the sound recordings by reproducing, adapting, distributing, and publicly performing the recordings without authorization, in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

75. Defendants knew or should have known that third parties would download and listen to Plaintiff Porfi Baloa's copyrighted sound recordings. Defendants intentionally induced or materially contributed to the third party listening and downloading of the music videos onto the third parties' devices. Defendants have provided direction to the third parties, or allowed the third parties to access the music videos and music incorporating Plaintiff's copyrighted sound recordings.

76. Defendants also possessed the right and ability to supervise the activity as well as a direct financial interest in the music videos. As a result, Defendants are liable for vicarious copyright infringement for the music videos and music incorporating the Plaintiff Porfi Baloa's copyrighted sound recordings.

77. Each download of the music video to listen to the music onto the third party's device constitutes a separate and distinct act of infringement.

78. The acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiff Porfi Baloa.

79. As a direct and proximate result of the infringing listening and downloading of the music videos and music incorporating Plaintiff Porfi Baloa's copyrighted sound recording, the Plaintiffs are entitled to damages and to the Defendants' profits in amounts to be proven at trial, which are not currently ascertainable.

80. As a result of the infringing listening and downloads, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. Plaintiffs are informed and believe, and on that basis aver, that unless enjoined and restrained by this Court, the Plaintiffs' rights in the copyrighted sound recordings will continue to be infringed. Plaintiffs are entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin the continuing infringing conduct.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that the Court enter a judgment in their favor and against the Defendants:

1. For a preliminary and permanent injunction enjoining and restraining the Defendants and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction from directly or indirectly infringing in any manner any right in any and all copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries, affiliates, or distributed labels) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) or state law, including without limitation by directly or indirectly copying, reproducing, downloading, distributing, communicating to the public, uploading, linking to, transmitting, publicly performing, or otherwise exploiting in any manner any of Plaintiffs' copyrighted sound recordings or musical compositions;
2. For the Defendants' profits and damages in such amount as may be determined;
3. For Plaintiffs' costs;
4. For prejudgment interest according to law; and

5. For such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: February 9, 2024

Respectfully submitted,

AVILA RODRIGUEZ HERNANDEZ
MENA & GARRO LLP
*Counsel for Plaintiffs*
2525 Ponce de Leon Boulevard, Suite 1225
Coral Gables, Florida 33134-6049
Office (305) 779-3560

By: s/William R. Trueba, Jr.
William R. Trueba, Jr., Esq.
Florida Bar No. 117544
wtrueba@avilalaw.com
Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@avilalaw.com

PARRON LAW
8151 SW 143RD Street
Miami, Florida 33158
Office (305) 459-3349

By: s/Ivan Parron
Ivan Parron, Esq.
Florida Bar No. 21203
ip@parron.law