**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-cv-20522-DSL**

VICTOR PORFIRIO BALOA DIAZ, and
PORFI MUSIC, LLC,

Plaintiffs,

v.

EDI KORTA, LLC, a Florida Limited Liability Company, KORTA RECORDS CO., a Florida corporation, LUIS F. MENDOZA, an individual, and LEONOR MENDOZA, an individual,

Defendants.
_______________________________________/

**JOINT PRETRIAL STIPULATION**

Plaintiffs, Victor Porfirio Baloa Diaz ("Porfi Baloa") and Porfi Music, LLC (collectively, "Plaintiffs"), and Defendants, Edi Korta, LLC, Korta Records Co., Luis F. Mendoza and Leonor Mendoza (collectively, "Defendants" or "Korta"), by and through their undersigned counsel hereby submit this Joint Pretrial Stipulation:

**(1) The Parties' Concise Statement of the Case.**

**Plaintiff's Statement:**

Plaintiff, Porfi Baloa, is a is a Venezuelan musician, composer, producer and arranger who is well-known for his performances in the salsa genre. Porfi Baloa is the recipient of 87 awards, 4 Billboard Awards nominations, and 3 Lo Nuestro Awards nominations, and holds a record of 60 first places in the Venezuelan Hit parade. Porfi Baloa owns, in part, Porfi Music, LLC, a company that he utilizes to promote the music that he creates and performs.

Between 1994 and 2009, Porfi Baloa composed, arranged, recorded (including the playing of multiple musical instruments), mixed and produced six albums in Venezuela. He is the owner of the following Venezuelan copyright registrations, which cover the copyright rights in the musical composition, the lyrics and the sound recording for each of the six albums listed below, each of which comprises multiple songs:

| Album | Registration No. | Registration Date |
|---|---|---|
| Reclamando Nuestro Espacio | 15163 | June 21, 2021 |
| Persona Ideal | 15166 | June 21, 2021 |
| La Misma Pluma | 15162 | June 21, 2021 |
| Ahora Mas Que Nunca | 15165 | June 23, 2021 |
| Búscame | 15167 | June 21, 2021 |
| Sellos De Mi ADN | 15164 | June 21, 2021 |

In 1995, he met Defendant, Luis F. Mendoza, a person known as a promoter at that time. Mr. Baloa had already created his band, called Los Adolescentes, and created his first album when he met Mr. Mendoza. Mr. Mendoza promised Mr. Baloa that he would help him promote his album and arrange for live performances. As a result, they formed a Venezuelan company together called Adolescent's Orquesta C.A. They agreed to 60/40 split on the profits generated by their arrangement. They operated based on this arrangement from 1995 until approximately November 2010. Later in their relationship, Mr. Mendoza convinced Mr. Baloa to allow one of Mr. Mendoza's Venezuelan companies called Editora Korta C.A. to collect royalties from the dissemination of certain of Mr. Baloa's music. Mr. Baloa entered into three such agreements. In

early 2010, Mr. Baloa became aware that Mr. Mendoza had received a large sum of money from one of the companies collecting royalties, but never accounted for these sums of money to Mr. Baloa. Mr. Baloa confronted Mr. Mendoza about it and Mr. Mendoza blamed one of his sons for taking the money. As a result, Mr. Baloa demanded termination of the three Editora Korta C.A. agreements. Consequently, in August 2010, all three agreements were terminated.

Mr. Mendoza and Mr. Baloa spoke and met to try and work out their differences in late 2010, including one meeting that was done in person in Venezuela. During this meeting, they agreed to a course of action. They put these action items in writing and both executed the agreement. Unfortunately, they were unable to work out their differences and they parted ways in November 2010.

In 2013, Mr. Baloa learned that Mr. Mendoza had continued to try and collect royalties through companies like ASCAP and BMI. Thus, Mr. Baloa sued Mr. Mendoza and his companies in Florida state Court demanding a declaration by the court that he owned the musical compositions upon which Mr. Mendoza was attempting to assert rights over. Mr. Mendoza and his companies stopped and Mr. Baloa was able to collect royalties for his compositions.

After the pandemic broke out in 2020, Mr. Baloa learned that Mr. Mendoza through different companies using the moniker Korta Records (a fictitious name) had uploaded onto various Internet-based platforms, the sound recordings to Mr. Baloa's six albums, all without Mr. Baloa's authorization or permission. Mr. Baloa and his company subsequently brought this lawsuit against the companies behind the fictitious name Korta Records and their principals.

This lawsuit was brought against the Defendants under the Copyright Act, 17 U.S.C. §§501, *et. seq*. Mr. Baloa, author of his own musical compositions and sound recordings asserts his copyright rights in his sound recordings against Defendants who copied his sound recordings

verbatim without authorization. The defendants are joint and severally liable for copyright infringement for using Mr. Baloa's sound recordings without his permission. Mr. Baloa and his company are seeking all profits that the Defendants have made resulting from the use of Mr. Baloa's sound recordings without his permission. Plaintiffs need only show the revenues received by the Defendants from the use of Mr. Baloa's sound recordings.

The Defendants answered the amended complaint, and Korta Record's Co. asserted three counterclaims for, inter alia, trademark infringement, based on Mr. Baloa's use of the trademark PORFI BALOA Y SUS ADOLESCENTES. All three of the counterclaims are based on Korta Record's Co.'s purported trademark rights. Mr. Baloa denies that there is trademark infringement. Moreover, Defendants have known about Mr. Baloa's use of his trademark since at least April 16 2014, when Mr. Baloa sued Defendants, Mr. Mendoza and Leonor Mendoza, and two of Mr. Mendoza's companies, in connection with his rights to the musical compositions, in which lawsuit Mr. Baloa expressly alleged that he had adopted the name PORFI BALOA Y SUS ADOLESCENTES. Moreover, Mr. Baloa owned a federally registered trademark for PORFI BALOA Y SUS ADOLESCENTES from July 7, 2011 through February 22, 2019. This trademark registration blocked Mr. Mendoza's trademark application from proceeding when Mr. Mendoza's son's company, called Playback Productions, Inc. applied to register the trademark LOS ADOLESCENTES on December 18, 2012. Accordingly, Defendants' counterclaims, all based upon Mr. Baloa's use of the trademark PORFI BALOA Y SUS ADOLESCENTES, are barred by the Florida statute of limitations for trademark infringement (four years), barred by the doctrine of laches, barred by the doctrine of acquiescence, barred by the principle of abandonment for failure to police their purported trademark rights, and their U.S. trademark registration should be canceled because they have committed a fraud on the U.S. Patent & Trademark Office, given that the

information that they provided to the U.S. Patent & Trademark Office is not true, and they knew or should have known that the information submitted to the U.S. Patent & Trademark Office was not true.

**Defendant's Statement:**

Plaintiffs' claims are no more than begrudged attempts at attaining certain copyright relief, which they have no real entitlement to. Albeit, Plaintiffs' Amended Complaint seems intentionally reduced and simplified to, at least on its surface, look like a plausible claim for copyright infringement. However, as this case has unveiled, the pertinent facts attached to each claim, and defenses thereto, span over the Parties' three-decade relationship, which includes undisputed conduct from both Parties that conflicts with what Plaintiffs' Amended Complaint alleges they are entitled to. Indeed, the U.S. copyright registrations, the Copyright notices on the sound recordings, the contract, and the parties' conduct (in which Defendant, Korta, distributed the copyrights) without objection by Plaintiffs, consistently rebut Plaintiff's claims of infringement.

This relationship began in the 1990s when Luis and his record companies, Edi Korta and Producciones Korta Records C.A., created the band "Adolescentes Orquesta" and hired Porfi Baloa to be a member of the Band. Although Porfi Baloa's role would be greater than that of other members of the Band, in that he helped Luis write and compose (as a joint author) all of the songs at issue herein, ownership of the master recordings and rights over the songs as a whole belonged to Korta Records. This position was agreed to by the Parties in the "Contrato De Exclusividad De Interprete", which stands as the only contract between the parties governing ownership and rights in the sound recordings to the six albums at issue. Porfi Baloa testified that he did not sign the Contract, but has not put forth sufficient evidence to rebut the signature on the Contract, such as an admissible handwriting expert report. Contrary thereto, Luis testified that Porfi Baloa signed

the Contract. Consistent therewith, Korta Records released and distributed the six albums at issue, with copyright notices on each and every physical copy of the albums' CDs and obtained three U.S. copyright registrations demonstrating (consistent with the contract) that Korta Records was the owner thereof. At no time over their thirty-year history did Porfi Baloa ever dispute either Korta Records or Luis's rights in the six albums at issue.

With no agreement in place in their favor, Plaintiffs are left to rely on common law authorship in the sound recordings and the rights delineated therefrom. However, at all material times, Luis, Edi Korta, and Korta Records paid for all of the expenses related to producing the sound recordings at issue. Consistent therewith, over the thirty-year history, Porfi Baloa was only paid royalties on the compositions and nothing on the sound recordings related to exploitation by Korta Records and Luis.

As stated, the Parties conducted themselves consistently with this understanding for over thirty years, until the filing of this lawsuit. Plaintiffs filed their Complaint on February 9, 2024, alleging direct, contributory, and vicarious copyright infringement claims against Defendants based on the Korta Record's proper and lawful digital streaming of the six albums at issue, which Porfi Baloa claims he holds Venezuelan copyright registrations. Plaintiffs' Complaint (and amended version thereafter) states that they bring their instant claims under the U.S. Copyright Act, 17 U.S.C. §§501, et. seq. Defendants vehemently deny Plaintiffs' claims and contend that: (1) Plaintiffs' claims refuted by Defendant Korta Records Co.'s valid U.S. copyright registrations for three of the six albums at issue by virtue of its uncontested registrations, (2) the terms of the "Contrato De Exclusividad De Interprete" and (3) Luis Mendoza, at minimum, rights as a joint author of the six albums at issue.

At the same time, Defendant Korta Record's filed its own claims against Plaintiffs for: trademark infringement, (2) false designation of origin, and (3) injury to business reputation, related to its ownership of the following marks: "Adolescentes Orquesta" (name and logo) and "Adolescent's Orquesta". Since at least 1995, Korta Records has continuously used the Marks in the entertainment industry in connection with music-related goods and services in the United States and abroad. As a result of Korta Record's fame, efforts and use, the Marks have come to be recognized by the public and members of the public of the trade as being associated exclusively with Korta Records and the Band. Plaintiffs, including Porfi Baloa who was a former member of the Band, are intentionally trading on the goodwill of Korta Record's well-known Marks and causing confusion by, among other things: (a) touring under the names "Adolescentes Orquesta", "Los Adolescentes," and/or "Adolescent's Orquesta" or derivatives thereof; (b) using Korta Record's Marks or similar derivatives to promote and advertise such tours; (c) using Korta Record's Marks or similar derivatives on various social media platforms to promote their own music industry activities; and (d) upon information and belief, using Korta Record's Marks to sell unofficial "Adolescents Orchestra" branded merchandise—all without Korta Record's authorization. In doing so, Plaintiffs are causing the public to falsely believe that they are the official Band and infringing Korta Record's valuable Marks. Plaintiffs use of the Marks is conspicuously and intentionally made in a manner to wrongfully indicate origin or endorsement by Korta Records and the Band. Plaintiffs use of Korta Record's Marks has caused confusion and will continue to cause confusion with the public because among other things, members of the public who purchase tickets to Plaintiffs' performances believe that they are buying tickets to see the official Band or other services associate with the Marks. Thus, Korta Records brought its counterclaim to stop Plaintiffs blatant and ongoing misuse of its Marks, which is causing

confusion, seeking immediate injunctive relief and compensation for the damages suffered as a result of Plaintiffs' wrongful conduct, and any other remedies as the Court deems proper.

**(2) The basis of federal jurisdiction.**

28 U.S.C. §1331, because the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This action arises under the Copyright Act, 17 U.S.C. §§501, et. seq., and contains substantial claims that arise under federal law.

**(3) The pleadings raising the issues.**

a. Amended Complaint [D.E. 36].

b. Defendant Leonor Mendoza's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint [D.E. 53].

c. Defendant Luis F. Mendoza's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint [D.E. 54].

d. Defendant Edi Korta, LLC's Answer and Affirmative Defenses to Plaintiffs' Amended Complaint [D.E. 55].

e. Defendant Korta Records Co's Answer, Affirmative Defenses, and Counterclaim to Plaintiffs' Amended Complaint [D.E. 56].

f. Plaintiffs' Answer and Affirmative Defenses to Counterclaim [D.E. 60].

**(4) A list of all motions or other matters requiring action by the Court.**

a. Plaintiffs' Motion to Exclude the Expert Testimony of Defendants' Expert, Leslie Zigel, on all Non-Damages Topics. [D.E. 82].

b. Plaintiffs / Counter-Defendants' Motion for Summary Judgment on Defendant Korta Record's Co.'s Three Counterclaims [D.E. 87].

c. Defendants' Verified Motion for Final Summary Judgment on Plaintiffs' Copyright Claims [D.E. 83].

d. Defendants' Motion to Strike Plaintiffs' Improper and Untimely Expert Report [D.E. 86].

e. Defendants' Motion in Limine [D.E. 89].

**(5) A concise statement of uncontested facts which require no proof at trial, with reservations, if any:**

a. Porfi Baloa was aware that at all times Producciones Korta Records C.A. manufactured, distributed, and sold CDs for the six albums at issue, each copy explicitly representing that Korta Records was the copyright claimants therein, and never raised an issue until the filing of this lawsuit.

b. Porfi Baloa became aware of Korta Record's streaming of the six albums at issue after the Covid-19 pandemic.

c. Plaintiff, Porfi Music, LLC, is a Delaware limited liability company, having its principal office in Saint Cloud, Florida.

d. Defendant, Korta Record's Co., is a Florida corporation having its principal office at 2425 SW 22nd Terrace, Miami, Florida, which was incorporated on April 2, 2019.

e. Defendant, Edi Korta, LLC, is a Florida limited liability company, having its principal office at 2425 SW 22nd Terrace, Miami, Florida, which was formed August 20, 2021.

f.

f. Korta Record's Co. entered into an agreement with Believe International, LLC, a Luxembourg limited liability company, called "Digital Distribution Agreement" dated March 19, 2021, that included, inter alia, the distribution of the sound recordings incorporated into the six albums at issue in the lawsuit. The purpose of the Digital Distribution Agreement was to give

Believe International, LLC access to the library of sound recordings that Korta Record's Co. claims to own for the distribution of those recordings through online platforms, such as Spotify, Apple Music, and others. In turn, Believe International, LLC would collect money from the online platforms and after taking a commission, pay the balance of the revenues collected by Believe International, LLC, to Korta Record's Co.

g. Korta Record's Co. provided copies of the sound recordings incorporated into the six albums at issue in this lawsuit to Believe International Co.

**(6) A statement in reasonable detail of issues of fact which remain to be litigated at trial.**

a. Whether Porfi Baloa created the sound recordings incorporated into the six albums at issue in the lawsuit exclusively, or jointly with Luis Mendoza.

b. Whether Porfi Balo and Luis Mendoza entered in the "Contrato De Exclusividad De Interprete" with Producciones Korta Records C.A.

c. Whether the "Contrato De Exclusividad De Interprete" governs the rights to the copyrights at issue in the manner of exploitation alleged in the Amended Complaint.

d. Whether Luis F. Mendoza provided any input into the musical composition, lyrics, arrangement, mixing, and production of the sound recordings incorporated into six albums at issue in this lawsuit.

e. Whether Porfi Baloa or Korta Records Co. owns, or has the rights to, the copyright rights in the sound recordings incorporated into the six albums at issue in this lawsuit.

f. Assuming that Luis F. Mendoza is found to be a joint author, did he give a valid license related to the six albums at issue to Defendants.

g. The amount of revenues received by Defendants from Believe International, LLC resulting from the distribution of the six sound recordings at issue in this lawsuit.

h. Whether Porfi Baloa created the name of his band Los Adolescentes before he met Luis F. Mendoza.

i. Whether Porfi Baloa continued to have ownership rights in the name Los Adolescentes during his relationship with Luis F. Mendoza from 1995 through 2010.

j. Whether Korta Records Co. owns trademark rights in ADOLESCENTES ORQUESTA and ADOLESCENT'S ORQUESTA.

k. Whether Korta Records Co. owns trademark rights in ADOLESCENT'S ORQUESTA since November 21, 1995, as attested to in U.S. trademark application serial no. 85081786.

l. Whether Korta Records Co. owns trademark rights in ADOLESCENTES ORQUESTA since November 21, 1995, as attested to in U.S. trademark application serial no. 90175472.

m. Whether Plaintiffs own trademark rights in PORFI BALOA Y SUS ADOLOSCENTES since April 14, 2012, as they attested to in the U.S. trademark application serial no. 85365528.

n. Whether Korta Records Co. owns common law trademark rights in ADOLESCENTES ORQUESTA that predate Mr. Baloa's rights in PORFI BALOA Y SUS ADOLESCENTES.

o. Whether Korta Records Co. owns common law trademark rights in ADOLESCENT'S ORQUESTA that predate Mr. Baloa's rights in PORFI BALOA Y SUS ADOLESCENTES.

p. Whether Plaintiffs own common law trademark rights in PORFI BALOA Y SUS ADOLESCENTES that predate Korta Record's rights in ADOLESCENTES ORQUESTA.

q. Whether Defendants were aware of Porfi Baloa's use of PORFI BALOA Y SUS ADOLESCENTES since at least as early as 2014.

r. Whether Plaintiffs were aware of Korta Record's use of ADOLESCENTES ORQUESTA since as early as 1995.

s. Whether ADOLESCENTES ORQUESTA is confusingly similar to PORFI BALOA Y SUS ADOLESCENTES, where someone else owns the trademark registration for ADOLESCENTS in the same class of goods and services.

t. Whether ADOLESCENT'S ORQUESTA is confusingly similar to PORFI BALOA Y SUS ADOLESCENTES, where someone else owns the trademark registration for ADOLESCENTS in the same class of goods and services.

u. Whether LOS ADOLESCENTES is confusingly similar to PORFI BALOA Y SUS ADOLESCENTES where someone else owns the trademark registration for ADOLESCENTS in the same class of goods and services.

v. Whether Korta Record's Co. is entitled to any damages for its counterclaims.

**(7) A concise statement of issues of law on which there is agreement.**

a. The law of Venezuela determines the rights of the parties with respect to the ownership of the rights in the sound recordings incorporated into the six albums at issue in this lawsuit.

b. The law of the United States determines whether there was any infringement of copyright rights as determined by Venezuelan law.

b. U.S. trademark law determines the rights of the parties as the trademark issues raised by Korta Records Co. in its counterclaims.

**(8) A concise statement of issues of law which remain for determination by the Court.**

a. Whether Porfi Baloa owns the rights to the sound recordings at issue in this lawsuit under laws of Venezuela.

b. Whether Korta Records Co. owns the rights to the sound recordings at issue in this lawsuit under the laws of Venezuela.

**(9) Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing.**

The list of exhibits shall be on separate schedules attached to the stipulation, should identify those which the party expect to offer and those which the party may offer if the need arises, and should identify concisely the basis for objection. In noting the basis for objections, the following codes should be used:

A-Authenticity

I-Contains inadmissible matter (mentions insurance, prior conviction, etc.)

R-Relevancy

H-Hearsay

UP-Unduly prejudicial-probative value outweighed by undue prejudice

P-Privileged

Counsel may agree on any other abbreviations for objections, and shall identify such codes in the exhibit listing them.

A copy of Plaintiff's Exhibit list is attached as an **Exhibit 1**. Defendants will be providing their objections separately.

A copy of Defendant's Exhibit list is attached as an **Exhibit 2**.

**(10) Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.**

Witnesses whose testimony is expected to be presented by means of a deposition shall be so

designated. Impeachment witnesses need not be listed. Expert witnesses shall be so designated.

A copy of Plaintiff's witness list is attached as **Exhibit 3**.

A copy of Defendant's witness list is attached as **Exhibit 4**.

**(11) Estimated trial time.**

The parties believe that five (5) days are needed for trial, because several of the witnesses will require interpreters, which will slow down the presentation of testimony.

**(12) Where attorneys' fees may be awarded to the prevailing party, an estimate of each party as to the maximum amount properly allowable.**

Plaintiffs are not entitled to an award of attorney's fees based upon the foreign copyright-based claims. However, Defendants believe that they are entitled to an award of attorney's fees if they are deemed the prevailing party since Plaintiffs bring their claims under the U.S. Copyright and Lanham Acts. Plaintiff disagree that copyright law supports Defendants' belief. The Court may award attorney's fees on the Lanham Act based claims in an exceptional case.

[signatures on next page]

Dated: April 29, 2025

Respectfully submitted,

/s/William R. Trueba, Jr.____________
William R. Trueba, Jr.
Florida Bar No.: 117544
wtrueba@avilalaw.com
Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@avilalaw.com
**AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP**
2525 Ponce de Leon Boulevard
Penthouse 12th Floor
Coral Gables, Florida 33134
Telephone: (305) 779-3560

Ivan Parron, Esq.
Florida Bar No. 21203
ip@parron.law
**PARRON LAW**
9921 SW 108th St
Miami, Florida 33176
Office (305) 459-3349

***Counsel for Plaintiffs***

/s/[1] _________________
Richard Wolfe
Florida Bar No.: 0355607
rwolfe@wolfelawmiami.com
Nickolas Castillo Medina
Florida Bar No.: 1048798
nmedina@wolfelawmiami.com
**WOLFE LAW MIAMI, P.A.**
175 SW 7 Street, Suite 2410
Miami, Florida 33130
Telephone: (305) 384-7370
Facsimile: (305) 384-7371

***Counsel for Defendants***

[1] Plaintiffs' counsel attempted several times during the early evening of April 29, 2025, to obtain counsel's permission to include their electronic signature on this document, but never heard back. In an abundance of caution, no electronic signature has been included here. The changes in this document reflect edits provided by counsel for Defendants earlier this eveningat 6:38 p.m.