UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:24-cv-20522-DSL

VICTOR PORFIRIO BALOA DIAZ, and
PORFI MUSIC, LLC,

Plaintiffs,

v.

EDI KORTA, LLC, a Florida limited liability
company, KORTA RECORD'S CO., a
Florida corporation, LUIS F. MENDOZA, an
individual, and LEONOR MENDOZA, an
individual,

Defendants.

_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE**

Plaintiffs, Victor Porfirio Baloa Diaz ("Porfi Baloa") and Porfi Music, LLC (collectively,

"Plaintiffs"), by and through their undersigned counsel and pursuant to Local Rule 7.1, hereby

respond in opposition to the request for judicial notice filed by Defendants, EDI Korta, LLC, Korta

Record's Co., Luis F. Mendoza and Leonor Mendoza (collectively, "Defendants") (D.E. 88) (the

"Request for Judicial Notice"), and state:

**Defendants' Request Should be Summarily Denied**

Defendants' request that the Court take judicial notice of three screen shots that appear to

be a search conducted on the website of the U.S. Copyright Office website should be denied. The

screen shots of a search done on the U.S. Copyright Office are not admissible to prove anything

germane to the lawsuit. Defendants have alleged that they own the copyright rights in the sound

1

recordings of the six albums at issue in this lawsuit. Presumably, the Defendants want to show that Korta Record's Co. obtained copyright registrations for three out of the six albums by introducing screen shots of searches done on the U.S. Copyright website. However, there are multiple problems with the Court taking judicial notice of this hearsay evidence to prove such a proposition.

First, these are *not* certificates of copyright registration. They are not official government records. Thus, these screenshots, without any information regarding when they were obtained, who conducted the search, and what criteria was used, do not fall within an exception to the hearsay prohibition. No one has attested to their authenticity or how they were procured. Second, there is no evidence as to what deposit or specimen was provided to the U.S. Copyright Office, if indeed the data in the exhibit "A" represents copyright registrations obtained by two companies called Sony Discos, Inc. and Korta Records. When an author or copyright claimant applies to the U.S. Copyright Office for a certificate of registration, the applicant must provide a copy of the work of authorship that they wish to register. If Defendants, or some other party aligned with Defendants, indeed applied to register three albums, then they could have obtained certified copies of the certificates of registration and the specimen provided to the U.S. Copyright Office.[1] Third, the defendant company, Korta Record's Co., was created on April 2, 2019.[2]  Thus, whatever, the purported claimant, "Korta Records," found on pages 2 and 3 of Exhibit "A" cannot legally be the same company as Korta Record's Co., the Florida corporation named as a defendant in this lawsuit. Fourth, the copyright claimant on page 1 of Exhibit "A" is Sony Discos, Inc.  There is no evidence

---

[1] https://www.copyright.gov/rrc/

[2] https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=KORTARECORDS%20P190000286640&aggregateId=domp-p19000028664-e34956a1-d21c-4351-a132-7a4ddf83031a&searchTerm=korta%20records%20co.&listNameOrder=KORTARECORDS%20P190000286640

of record in this lawsuit regarding this entity. Who is Sony Discos, Inc.? What is the relationship between this company and Korta Record's Co.? Moreover, there is not evidence of record that evidences any transfer of rights from the Korta Records entity identified on the search screenshots and the Defendant Korta Record's Co. Fifth, Defendants never identified any certificates of copyright registration in their initial disclosures as documents they may use to support their defenses.

Finally, the cases cited by the Defendants do not support the Court taking judicial notice of these documents for trial. In *Pro. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1371 (S.D. Fla. 2015), the court was ruling on a motion to dismiss, not admitting evidence into trial. Moreover, the court was considering certificates of copyright registration, not a search screen on the website. *Id.* (explaining that "[t]hroughout the LED Complaint, PPI is alleged to be the owner of the copyrighted videos at issue. Indeed, the copyright registrations, applied for on April 3, 2014, were granted to PPI."). In the second case cited by Defendants, the Court was also considering a motion to dismiss, *not admitting evidence into the record for trial.* There are some exceptions to the "four corners" rule, but they are inapplicable here, with one exception: taking judicial notice of publicly filed copyright registration documents submitted as exhibits. National *Equestrian League, LLC, et al., v. Keean White, et al.*, No. 20-21746-CIV, 2021 WL 2418038, at *7 (S.D. Fla. May 26, 2021), *report and recommendation adopted sub nom. Nat'l Equestrian League, LLC v. White*, No. 20-21746-CIV, 2021 WL 2414153 (S.D. Fla. June 14, 2021) (explaining that the court may take "judicial notice of publicly filed copyright registration documents submitted as exhibits [to the complaint]."). Finally, the last case cited by the Defendants is also in the context of a court considering a motion to dismiss and inapplicable to the case at bar. *Warren v. Fox Fam. Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001), *aff'd*, 328 F.3d

1136 (9th Cir. 2003) (explaining that "[b]ecause they are properly the subject of judicial notice, the copyright registration certificates submitted by defendants may be considered by the court in addressing both defendants' lack of subject matter jurisdiction arguments under Rule 12(b)(1) and their motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6)."). In contrast, Defendants here are not presenting certificates of registration and they are asking this Court to take judicial notice of information that cannot be connected to the parties before the Court.

Accordingly, this Court should deny Defendants' request to take judicial notice of Exhibit "A."

Dated: May 13, 2025

Respectfully submitted,

/s/William R. Trueba, Jr.
William R. Trueba, Jr., Esq.
Florida Bar No. 117544
wtrueba@avilalaw.com
Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@avilalaw.com

**AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP**
2525 Ponce de Leon Boulevard, Suite 1225
Coral Gables, Florida 33134-6049
Office (305) 779-3560

and

Ivan Parron, Esq.
Florida Bar No. 21203
ip@parron.law

**PARRON LAW**
9921 SW 108th St
Miami, Florida 33176
Office (305) 459-3349

*Counsel for Plaintiffs*

4