UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-20522-LEIBOWITZ/ELFENBEIN

**VICTOR PORFIRIO BALOA DIAZ**
**and PORFI MUSIC, LLC**,

    *Plaintiffs,*

v.

**EDI KORTA, LLC,** *et al.*,

    *Defendants.*
_____/

## ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on United States Magistrate Judge Marty Fulgueira Elfenbein's Report and Recommendation on Defendants' Verified Motion for Final Summary Judgment [ECF No. 83]. [ECF No. 138 (the "R&R")]. Judge Elfenbein recommends denying Defendant's Verified Motion for Final Summary Judgment [ECF No. 83]. [ECF No. 138 at 27]. Plaintiffs timely filed an objection to this R&R [ECF No. 141] and Defendant responded thereto [ECF No. 143]. Having reviewed and considered the R&R in light of the objection, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law. Accordingly, the Court hereby **ADOPTS** the Judge Elfenbein's R&R [**ECF No. 138**] and **AFFIRMS** the recommendation. Plaintiff's objection [ECF No. 141] to the R&R is **OVERRULED** for the reasons discussed below.

### I.    STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or

general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).  Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation.  Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).  Clear error review is also appropriate where a party's objections are "conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge . . . ." *Fibertext Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021) (Scola, J.) (citing *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

District courts retain broad "discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

## II. LEGAL STANDARD ON SUMMARY JUDGMENT

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Those materials may include, "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).  "Only when

that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If, in response, the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law . . . ." *Anderson*, 477 U.S. at 248. A dispute of fact is "genuine" if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Gervin v. Florence*, 139 F.4th 1236, 1245 (11th Cir. 2025). "In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson*, 477 U.S. at 255). However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III.  RULING ON OBJECTION

The Court overrules Plaintiffs' objection to Magistrate Judge Elfenbein's R&R [ECF No. 141]. As an initial matter, Defendants have waived filing objections to the R&R and notified the Court of their non-objection. [ECF No. 139]. And aside from Plaintiffs' sole objection, Plaintiffs agree with Judge Elfenbein's R&R that Defendants' Verified Motion for Final Summary Judgment should be denied. [*See* ECF No. 141 at 1]. Thus, apart from the matter concerning Plaintiffs' objection, the

Court reviews the R&R for clear error.[1]  Finding none, the Court agrees with Her Honor's findings on the Verified Motion for Final Summary Judgment.  Accordingly, that motion [ECF No. 83] is DENIED.

Plaintiffs' objection must be overruled.  Plaintiffs argue that the Court should interpret the relevant Recording Agreement even though Judge Elfenbein stated the Court need not reach the interpretation inquiry, as disputes of fact remain as to the threshold question of contract validity.  [*See* ECF No. 141 at 2 (discussing ECF No. 138 at 13)].  Plaintiffs' view is that the issue of validity is rendered moot if the Court were to accept and adopt Plaintiffs' interpretation of the Recording Agreement under Venezuelan law.  [*Id.*].  As such, the Court should proceed with interpreting the agreement and make conclusions of law to that effect.  [*See id.*].

The Court disagrees and overrules the objection for two reasons.

First, Judge Elfenbein addressed this question in the R&R and expressly rejected getting into the realm of interpretation.  [*See* ECF No. 138 at 13 ("Having determined that a genuine dispute of material fact exists on the threshold question as to whether the Recording Agreement is a valid and enforceable contract, the Court need not reach the remaining issues of contract interpretation and conflict-of-law analysis involving the Recording Agreement.")].  Plaintiffs properly instructed how the Court should interpret the Recording Agreement in their response to Defendant's Verified Motion for Final Summary Judgment [*see* ECF No. 101 at 9–11], but raising the issue again in their objections is improper as they "cannot traverse ground already plowed by the magistrate." *Davis v. Comm'r of Soc. Sec.*, No. 23-cv-02075, 2025 WL 879980, at *1 (M.D. Fla. Mar. 21, 2025) (alteration adopted) (citation and internal quotation marks omitted).  Doing so merits clear error review, *see id.*  Her Honor's recommendation against addressing interpretation was not clearly erroneous.

---

[1] Regardless, even with Plaintiffs' objection, clear error review applies as discussed below.

Second, Judge Elfenbein's decision (whether under *de novo* or clear error review) was proper because contractual interpretation is reserved for the trier of fact here. A genuine dispute exists as to whether Plaintiff Baloa Diaz signed the Recording Agreement and thus whether the contract is valid. [*See* ECF No. 138 at 12–13]. Before getting to interpretation, the question of validity must be decided by a jury. *See Cook Indus., Inc. v. Cmty. Grain, Inc.*, 614 F.2d 978, 980 (5th Cir. 1980) ("Although the interpretation of a contract is normally a question of law for the Court, that interpretation frequently depends heavily on the resolution of factual disputes. And it is the function of the trier of fact to resolve such factual disputes.").[2]

## IV.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Elfenbein's R&R [**ECF No. 138**] is **AFFIRMED AND ADOPTED**.
2. Plaintiffs' objection to the R&R [**ECF No. 141**] is **OVERRULED**.
3. Defendants' Verified Motion for Final Summary Judgment [**ECF No. 83**] is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on February 9, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

---

[2]   All decisions handed down by the Fifth Circuit prior to September 30, 1981, are binding authority for this Court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).