UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:24-cv-20522-LEIBOWITZ/ELFENBEIN

VICTOR PORFIRIO BALOA DIAZ
and PORFI MUSIC, LLC,

>   *Plaintiffs,*

*v.*

EDI KORTA, LLC, *et al.*,

>   *Defendants.*

_____/

ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on United States Magistrate Judge Marty Fulgueira Elfenbein's Report and Recommendation on Plaintiffs/Counter-Defendants' Motion for Summary Judgment on Defendant Korta Record's Co.'s Three Counterclaims [ECF No. 87].  [ECF No. 134 (the "R&R")].   Judge Elfenbein recommends granting in part and denying in part Plaintiffs/Counter-Defendants' Motion for Summary Judgment on Defendant Korta Record's Co.'s Three Counterclaims [ECF No. 87].  [ECF No. 134 at 32].  Plaintiffs timely filed objections to this R&R [ECF No. 135] and Defendant responded thereto [ECF No. 136].  Having reviewed and considered the R&R in light of the objections, the parties' papers, the relevant portions of the record, and the applicable law, the Court concludes that the R&R is well-founded, consistent with the evidence presented, and supported by the law.  Accordingly, the Court hereby ADOPTS the Magistrate Judge's R&R [ECF No. 134] and AFFIRMS the recommendation.  Plaintiffs' objections [ECF No. 135] to the R&R are OVERRULED for the reasons discussed below.

I.      STANDARD OF REVIEW

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1)(C). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b). Clear error review is also appropriate where a party's objections are "conclusory, general, or simply rehash or reiterate the original briefs to the magistrate judge . . . ." *Fibertext Corp. v. New Concepts Distribs. Int'l, LLC*, No. 20-20720-Civ, 2021 WL 302645, at *2 (S.D. Fla. Jan. 29, 2021) (Scola, J.) (citing *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012)); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

District courts retain broad "discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1259 (11th Cir. 2022) (quoting *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

## II.    LEGAL STANDARD ON SUMMARY JUDGMENT

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment "bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Those materials may include, "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion

only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark*, 929 F.2d at 608.

If the moving party meets its burden, the non-moving party is then required "to go beyond the pleadings" and present competent evidence "showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If, in response, the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. *See Rice-Lamar v. City of Ft. Lauderdale*, 232 F.3d 836, 840 (11th Cir. 2000). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law . . . ." *Anderson*, 477 U.S. at 248. A dispute of fact is "genuine" if, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Gervin v. Florence*, 139 F.4th 1236, 1245 (11th Cir. 2025). "In determining whether genuine issues of material fact exist, [the reviewing court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." *Rice-Lamar*, 232 F.3d at 840 (citing *Anderson*, 477 U.S. at 255). However, when the record "taken as a whole" could not support a reasonable finding for the non-movant, there is no "genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.    RULING ON OBJECTIONS

The Court overrules Plaintiffs' objections to Magistrate Judge Elfenbein's R&R [ECF No. 135]. As an initial matter, Defendants have waived filing objections, such as to Judge Elfenbein's recommendation to grant summary judgment as to Defendants' third counterclaim for injury to business reputation [ECF No. 56 ¶¶ 43–50]. Aside from Plaintiffs' objections, the Court reviews the R&R for clear error. Finding none, the Court agrees with Her Honor's findings on Plaintiffs/Counter-

Defendants' Motion for Summary Judgment on Defendant Korta Record's Co.'s Three Counterclaims. Accordingly, that motion [ECF No. 87] is GRANTED IN PART AND DENIED IN PART.

A. <u>The R&R Erred in Holding Lack of Notice Because Defendant Luis Mendoza Admitted in 2014 that He Owned and Controlled Playback Productions, Inc. [ECF No. 135 at 2–4].</u> **<u>OVERRULED</u>**.

The Court overrules this objection on *de novo* review. To begin, Plaintiffs take issue with Judge Elfenbein's conclusion that Plaintiffs failed their burden on summary judgment to prove the statute of limitations affirmative defense concerning Defendant Korta Record's trademark infringement claims because Defendant Korta Record's lacked sufficient knowledge of a provable trademark infringement claim prior to October 2020. [*See* ECF No. 135 at 2 (discussing ECF No. 134 at 16–17)]. Plaintiffs argue that Defendant Luis Mendoza—an owner of Korta Record's—controlled and operated Playback Productions, Inc., an entity which believed Plaintiff Baloa Diaz's use of the PORFI BALOA Y SUS ADOLESCENTES mark was trademark infringement. [*See id.*]. As a result, Plaintiffs contend that because Defendant Luis Mendoza owned and controlled Playback Productions, Inc., he knew of Plaintiff Baloa Diaz's purported trademark infringement for over ten years and, therefore, the counterclaims are time-barred. [*See id.* at 2–4].

The Court disagrees. Plaintiffs lodge this objection based on Defendant Luis Mendoza's "admission" in his answer filed in the 2014 state court lawsuit that he owned and controlled Playback Productions, Inc. at the time. [*See id.* at 3; *compare* ECF No. 85-14 ¶ 3, *with* ECF No. 85-15 ¶ 3]. However, this admission was "for jurisdictional purposes" only. [ECF No. 85-15 ¶ 3]. The Court is surprised by Plaintiffs' position here. This admission not only was made in an underlying state court litigation involving different claims and issues, but it adds nothing as a substantive admission regarding ownership *on this record*. Plaintiffs provide this Court with no authority allowing a party to use a

jurisdiction-only admission in a pleading of a completely different proceeding to later be recast as an evidentiary admission on summary judgment.[1]   But in any event, as recognized by Her Honor, Defendant Luis Mendoza's relationship with Playback Productions, Inc., is hotly disputed: "Luis testified that he had no affiliation with Playback, its responsibilities in managing the Band, or its involvement with the trademark dispute." [ECF No. 134 at 20 (citing relevant portions of the summary judgment record)]. Plaintiffs have failed to meet their burden demonstrating an absence of a genuine issue of material fact vis-à-vis Defendant Korta Record's Co.'s first two counterclaims. Accordingly, this objection is OVERRULED.[2]

B. The R&R Erred in Holding Plaintiffs Failed to Provide Evidence of Use of the Trademark in Interstate Commerce. [ECF No. 135 at 4–7]. **OVERRULED**.

Plaintiffs completely misconstrue the R&R here. Judge Elfenbein never suggested that Plaintiffs failed to provide evidence of their use of the PORFI BALOA Y SUS ADOLESCENTES trademark in interstate commerce. In fact, quite the opposite is true. [*See* ECF No. 134 at 4 (stating that "Baloa applied to register the trademark 'PORFI BALOA Y SUS ADOLESCENTES' (the 'Baloa Mark') and received registration on July 17, 2012, *with its first use in commerce on April 14, 2012*" (emphasis added))]. Moreover, that Plaintiffs used this mark in interstate commerce is of no moment regarding Defendant Korta Record's Co.'s purported delay and knowledge of Plaintiffs' alleged trademark infringement. That view has not been embraced by the Eleventh Circuit. *See Kason Indus., Inc. v. Component Hardware Grp., Inc.*, 120 F.3d 1199, 1206 (11th Cir. 1997) (measuring delay for statute of

---

[1]   Indeed, as some courts have indicated, "a party cannot rely on its pleadings or evidence submitted in another case" on summary judgment. *Home Design Servs., Inc. v. Steward*, No. 09-cv-140, 2011 WL 796741, at *6 (N.D. Fla. Feb. 28, 2011).

[2]   As an aside, Plaintiffs make the same mistake as they did when objecting to Judge Elfenbein's R&R on Defendant's Motion for Summary Judgment [*see* ECF No. 141] by "travers[ing] ground already plowed by the magistrate." *Davis v. Comm'r of Soc. Sec.*, No. 23-cv-02075, 2025 WL 879980, at *1 (M.D. Fla. Mar. 21, 2025) (alteration adopted) (citation and internal quotation marks omitted).

limitations/laches defenses "from the time at which the plaintiff knows or should know she has a provable claim for infringement"); *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1008 (11th Cir. 2021) (holding that the delay clock does not start "when a defendant begins use of a trademark . . . in the market" (internal quotation mark omitted)).  As such, this objection is OVERRULED.

## IV.    CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Magistrate Judge Elfenbein's R&R [**ECF No. 134**] is **AFFIRMED AND ADOPTED**.

2.  Plaintiffs' objections to the R&R [**ECF No. 135**] are **OVERRULED**.

3.  Plaintiffs/Counter-Defendants' Motion for Summary Judgment on Defendant Korta Record's Co.'s Three Counterclaims [**ECF No. 87**] is **GRANTED IN PART AND DENIED IN PART**.  Summary judgment is GRANTED in favor of Plaintiffs and against Defendant Korta Record's Co.'s on its Third Counterclaim (Count III) – Injury to Business Reputation – Fla. Stat. § 495.151 [ECF No. 56 ¶¶ 43–50].

4.  The parties are **INSTRUCTED** to jointly confer and propose all dates on which they are available for a trial from May 2026 to October 2026 **no later than March 3, 2026**.

**DONE AND ORDERED** in the Southern District of Florida on February 10, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record